UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORTECH S.R.L.,

    Plaintiff/Counter-Defendant,

vs.

Case No.   22-11648

HON. GEORGE CARAM STEEH

MOTOR CONSULTANTS OF
AMERICA, INC.,

    Defendant/Counter-Plaintiff.
_____/

ORDER OVERRULING DEFENDANT'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 23)

This is a breach of contract action between plaintiff Fortech S.R.L. (Fortech) and defendant Motor Consultants of America, Inc (MCA). Fortech filed a motion to compel discovery on April 21, 2023 (ECF No. 20). The motion was referred to the assigned Magistrate Judge as part of the general referral of all pretrial non-dispositive matters. MCA did not file a written response. On May 16, 2023, the Magistrate Judge granted the motion to compel, further requiring MCA to pay Fortech's costs and attorney fees incurred in making the motion (ECF No. 21). The matter is now before the Court on MCA's objections to the Magistrate Judge's order granting Fortech's motion to compel (ECF No. 23).

I.   <u>Factual Background</u>

Fortech issued its first set of interrogatories and requests for production on November 4, 2022, and a second set of interrogatories on November 18, 2022. Prior to Fortech's motion to compel, it appears that the parties collaborated on the terms of a Protective Order, which was entered by the Court on March 23, 2023. On March 31, 2023, Fortech's counsel sent a formal "meet and confer" email to counsel for MCA (ECF 27-3, Pg ID 413). The parties agreed to meet to discuss delinquent discovery on April 5, 2023.

On April 4, 2023, MCA provided its written discovery responses. The parties met by video conference on April 5, at which time counsel for MCA conveyed that the reason MCA still had not provided any requested documents was that it was having difficulty producing electronic documents with metadata, as specified by Fortech.

Fortech filed its motion to compel on April 21, 2023. MCA did not file a response, which would have been due within 14 days, or by May 5. L.R. 7.1(E)(1)(A). On May 16, the Magistrate Judge granted the motion to compel and issued an order requiring MCA to produce responsive documents, substantively answer Fortech's interrogatories, and provide a privilege log. The order also requires MCA to pay Fortech's costs and

attorney fees related to the motion to compel because MCA "did not establish that its failure to provide the requested information or documents was substantially justified[.]" (ECF No. 21, PageID.267).

On May 23, 2023, MCA filed objections and an emergency motion to stay pending the Court's resolution of such objections (ECF No. 22). On May 26, 2023, following expedited briefing, the Magistrate Judge denied the motion to stay for the following reasons:

- "[T]he appropriate time to raise a failure to seek concurrence is in a response brief…[f]ailure to file a response generally indicates that the motion is unopposed."

- "Because Defendant has not given a reason why it did not or could not file a response brief, other than its argument that Plaintiff did not properly seek concurrence, it does not appear likely that the appeal will succeed."

(ECF 31, Pg ID 514-15).

II.   Standard of Review

This Court's review of non-dispositive orders issued by a magistrate judge are governed by the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United*

States v. Mabry, 518 F.3d 442, 449 (6th Cir. 2008). This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). *See also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

III.  Analysis

  A.  Production of Discovery

MCA avers in its reply brief that it has complied with each of the required items in Section 2 of the order, related to production of documents, metadata, answers to interrogatories, and the privilege log (ECF No. 35, PageID.647). Therefore, MCA's only remaining objection concerns the award of attorney fees.

  B.  Costs and Attorney Fees

The Federal Rules of Civil Procedure require imposition of costs and fees when a motion to compel is granted or if "requested discovery is provided after the motion was filed," with limited exceptions. Fed. R. Civ. P. 37(a)(5). Those exception include instances where "(i) the movant filed the

motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

MCA first argues that Fortech failed to meet its obligation to confer with counsel prior to filing the motion to compel. The evidence shows otherwise. In a March 31, 2023 email, Fortech requested a conference to discuss MCA's discovery deficiencies and expressly referenced its intent to file a motion to compel. (ECF 27-3, Pg ID 413). The parties then had a video conference on April 5, 2023, where they discussed outstanding discovery, including MCA's technical difficulties in complying with certain discovery involving metadata. This is not a situation where Fortech filed its motion to compel before making a good faith attempt to obtain the discovery without involving the court.

Second, MCA argues that Fortech was required to conduct a meet and confer after filing the motion to compel. However, such a conference is only contemplated when the relief sought is opposed and a hearing is set so the parties can "narrow the areas of disagreement." *See, e.g.*, L.R. 37.1. As a court in this district observed, "[w]hen Defendant failed to file a response to Plaintiff's motion, Plaintiff's counsel was not then obligated

under Rule 37.1 to attempt to narrow the issues because Plaintiff could reasonably perceive Defendant's failure to respond as its concurrence in the relief sought." *End Prod. Results, LLC v. Dental USA, Inc.*, No. 12-CV-11546, 2013 WL 12247763, at *2 (E.D. Mich. Feb. 5, 2013). Fortech did not violate the Local Rules in filing its motion to compel.

MCA next argues that Fortech's motion failed to accurately describe the nature of the discovery dispute, including the fact that the parties had agreed to a plan to resolve the dispute. However, this is not the appropriate proceeding for making such arguments. This district's local rules require that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." L.R. 7.1(e)(2)(B). It is undisputed that MCA failed to file a response in opposition to Fortech's motion to compel. In his order, the Magistrate Judge properly noted that "[f]ailure to file a response generally indicates that the motion is unopposed." (ECF No. 31, PageID.514). The Court further notes that emails to the Magistrate Judge's Case Manager do not take the place of a response. MCA's objection to the contrary is unavailing.

A hearing was not held on the motion to compel because the Magistrate Judge deemed oral argument unnecessary where MCA did not file a response in opposition. There is no requirement or reasonable

expectation that the court will hold a hearing on an unopposed motion.

Fortech requests the allowance of an additional fee award to reimburse it for the financial burden imposed in having to respond to MCA's emergency motion to stay and the instant objections. This request is better addressed to the Magistrate Judge in the first instance.

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel (ECF No. 23) are OVERRULED.

Dated:   June 22, 2023

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 22, 2023, by electronic and/or ordinary mail.

s/Mike Lang
Deputy Clerk