UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORTECH S.R.L.,                                    Case No. 22-11648
                              Plaintiff,

v.                                                 George Caram Steeh
                                                   United States District Judge

MOTOR CONSULTANTS OF
AMERICA, INC.,                                     Curtis Ivy, Jr.
                              Defendant.           United States Magistrate Judge
_____/

## ORDER ON PLAINTIFF'S RULE 37 REASONABLE COSTS

On May 16, 2023, the Court granted Plaintiff's motion to compel as

unopposed. (ECF No. 21). Included in that Order was the directive that Plaintiff

was entitled to its reasonable expenses incurred in making its motion to compel,

including costs and attorney fees under Fed. R. Civ. P. 37(a)(5)(A). Plaintiff later

submitted bills of costs from both of its attorneys. (ECF Nos. 29, 30). Defendant

objected to the bills of costs. (ECF No. 34). Costs are awarded to Plaintiff as

described below, to be paid by counsel for Defendant.

Federal Rule of Civil Procedure 37(a)(5)(A) mandates that, if a motion to

compel is granted, a "party or attorney" must pay the "movant's reasonable

expenses incurred  in making the motion, including attorney's fees," unless one of

three exceptions spelled out in the rule applies. An award of attorney fees under

Rule 37 must be determined using the "lodestar method." *See Naji v. Lincoln*, No.

1

13-10738, 2014 WL 6669278, at *1-2 (E.D. Mich. Nov. 24, 2014) (using lodestar method for Rule 37 sanctions). Under the lodestar method, courts calculate reasonable attorney's fee awards by "multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).

*Hours Reasonably Expended*

Plaintiff seeks a total of $13,058.30 in expenses incurred in making the motion to compel for 39.3 hours of work.

The number of hours requested to be reimbursed will be reduced to exclude hours expended on extrajudicial work. Rule 37 provides for reasonable expenses incurred *in making the motion*. "Accordingly, extrajudicial efforts, such as review of discovery produced or communications between counsel about the discovery requests underlying the motion to compel, are not generally a recoverable expense." *Martin v. Lincor Eatery, Inc.*, 2018 WL 4658996, at *3 (E.D. Mich. Sept. 28, 2018); *see also Ross v. Am. Red Cross*, 2012 WL 1884457, at *2 (S.D. Ohio May 22, 2012) (disallowing reimbursement for time spent reviewing discovery responses, and indicating that only time spent drafting motion to compel was reimbursable).

Attorneys from Dykema Gossett seek reimbursement for time spent communicating with defense counsel about discovery responses. The format of

their bill causes difficulty in parsing out time spent discussing discovery disputes, which are not recoverable, and time spent drafting the motion.  For example, the entry dated April 4, 2023, includes 2.40 hours communicating with defense counsel about "discovery responses and analysis of same; research for motion to compel." (ECF No. 29, PageID.501).  Research for the motion is perhaps recoverable, but which portion of 2.40 hours was spent on research?  The Court will construe the document against the drafter and consider this entry as 2.40 hours communicating about discovery responses, which is not recoverable.[1]  In addition, Dykema Gossett's bill for .40 hours of communication with defense counsel regarding discovery responses on April 3 and 3.30 hours for continued communication on April 5, 2023, is unrecoverable, totaling 6.1 hours that are unrecoverable by Dykema Gossett attorneys as extrajudicial time.

Attorneys from Sheehan Phinney seek reimbursement for 1 hour across three items from April 4, 5, and 6, 2023, that are completely redacted.  Entries dated April 24 and 26, 2023, for a total of .2 hours are also redated.  Counsel failed to explain what kind of work was done during that time.  Without any information about how that hour was spent in making the motion to compel, the Court will subtract that 1.2 hours from Sheehan Phinney's bill.

---

[1] This is not to say that the Court views block billing unfavorably.  Even still, when called on to award reasonable expenses, the specific tasks and time spent on those tasks must be clear before the Court can award fees.

Next is the time spent drafting and editing the motion to compel.  Defendant argues that the time spent drafting the motion was excessive because the motion was not complex.  It cites *Castro v. Los Camperos, Inc.*, 2014 WL 4626292 (S.D. Ohio Sept. 15, 2014), to argue that exceeding 39 hours in drafting the motion is excessive.  That case is distinguishable.  There, the argument spanned eight pages and the movant only argued the complete failure to answer discovery requests; there was no argument about relevancy, privilege, or objections.  *Id.* at *4.  That court reduced the 38 hours billed by 50 percent, to 19 hours.  Here, however, Plaintiff argues more than just the failure to respond to discovery requests.  Plaintiff made arguments challenging the failure to respond and the sufficiency of Defendant's objections to requests.  (ECF No. 20).  Though not overly complex, it is not inconceivable that attorneys spent more than minimal time drafting and revising.  And Plaintiff's attorneys did not spend all 39 hours drafting.  Sheehan Phinney attorneys spent 18.7 hours drafting the motion to compel.  This is less than the award allowed in *Castro*.  18.7 hours will be allowed.

Counsel from Dykema spent 6.8 hours revising and filing the motion.  (ECF No. 29, PageID.501).  Sheehan Phinney attorneys spent 1.30 hours revising the motion.  (ECF No. 30, PageID.510).  So attorneys spent what amounts to half the time it took to draft the motion to revise it—8.10 hours in revisions.  Dykema's 6.8

hours revising and preparing the motion for filing, nearly an entire workday, is excessive, and will be reduced by 2.8 hours to 4 hours in revising and filing.

The Court does not accept Defendant's argument that Plaintiff's counsel double-billed where both sets of attorneys revised the document. It appears that Sheehan Phinney attorneys were largely responsible for drafting the motion, and Dykema attorneys took on the bulk of the revising responsibilities. This is not impermissible. If it were only Sheehan Phinney attorneys drafting and revising, we would not say that those attorneys are not entitled to recovery for time spent revising.

In total, the Court finds the following to be the reasonable hours expended: Dykema Gossett's 7.5 hours; Sheehan Phinney's 21.7 hours; totaling 29.4 hours.

*Reasonable Hourly Rate*

To determine a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

For Dykema Gossett, Senior Counsel Nasseem Ramin billed an hourly rate of $432. Associate Attorney Michelle Mayfield billed $342. For Sheehan Phinney, Shareholder John Perten billed $475, and associate attorney Jennifer

5

Lyon billed $265.  These attorneys did not provide a description of their qualifications to charge those amounts.  For example, it is unclear how many years of practice the associate attorneys have.  According to Defendant, Michelle Mayfield has had her law license for only seven months, yet is billed at $342 an hour.

The Court turns to the State Bar of Michigan's 2020 Economics of Law Practice summary report to determine reasonable prevailing rates in the community for similar services.[2]  https://perma.cc/8CMM-QP3T; *see Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014) (noting that the Eastern District generally accepts the State Bar of Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates for attorneys).  The average hourly rate for a shareholder (Perten) in Michigan is $349.  The average rate for a senior associate (Ramin) is $248.  The average rate for an associate is $250.  Senior and junior associates' 75th percentile rate is $300.  The 75th percentile rate for shareholders is $425.

Shareholder Perten's $475 hourly rate falls between the 75th and 95th percentiles, and so the Court finds it reasonable.  Senior Counsel Ramin's rate,

---

[2] Though Attorney Perten practices from Boston, Massachusetts, the Court will consider him to be a shareholder practicing in Detroit, Michigan for purposes of this attorneys' fees Order.  Mr. Perten is practicing here in this case, so his rate needs to be reasonable in this community.

$432, is also between the 75th and 95th percentiles of senior associates, though very close to the 95th percentile.  Ramin did not explain "Senior Counsel" position, so it is unclear if that is in fact a senior associate or some kind of partner relationship with the firm.  The Court considers it akin to a senior associate.  In support of her rate, she stated that a Michigan court found $409.50 to be a reasonable hourly rate in a sanctions award.  (ECF No. 36, PageID.681).  Since Ramin's rate is so close to the 95th percentile, and they recently were awarded less than their requested rate, the Court will reduce the rate to $400 per hour.  A Rule 37 award of reasonable costs is less to do with punishing the opponent as it is to reimburse the cost of making a motion.  So the Court finds $400 per hour reasonable here.

Mayfield's $342 hourly rate will be reduced because, at this point, she's been licensed to practice for less than eight months.  The average hourly rate in Michigan for an attorney with 1-2 years in practice is $252.  The average hourly rate for associates is $250.  The Court finds $250 to be a reasonable hourly rate for work performed by Mayfield.

Attorney Lyon billed $265 per hour.  Again, there is no information about Ms. Lyon, including her years in practice.  Presumably, she's practiced longer than one year.  But without such information, the Court will reduce Lyon's rate to $250, the average rate for associates in Michigan.

7

*Reasonable Costs and Fees*

Ramin: 4.4 hours (includes subtraction of 2.8 hours of revising) X $400/hour = $1,760

Mayfield: 3.1 hours X $250/hour = $750

Perten: 9.2 X $475/hour = $4,370

Lyon: 12.5 X $250/hour = $3,125

Counsel for Sheehan Phinney voluntarily reduced their total legal services rendered by $2,000, and since the majority of Sheehan Phinney hours were awarded, the Court will include the $2,000 discount, so Defendant's counsel will pay a total of $5,495.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 25, 2023.                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge