UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORTECH S.R.L.,

        Plaintiff/Counter-Defendant,

                           Case No. 22-11648

vs.

                           HON. GEORGE CARAM STEEH

MOTOR CONSULTANTS OF
AMERICA, INC.,

        Defendant/Counter-Plaintiff.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL (ECF No. 50)

This is a breach of contract action between plaintiff Fortech S.R.L. (Fortech) and defendant Motor Consultants of America (MCA). The matter is before the Court regarding a discovery dispute. Fortech previously filed a motion to compel discovery on April 21, 2023. That motion, which was unopposed, was granted by the Magistrate Judge and defendant's objections were overruled by this Court. On October 30, 2023, Fortech filed a second motion to compel discovery related to the order on the first motion to compel. The Magistrate Judge granted Fortech's second motion to compel (Order) (ECF No. 48) and MCA once again has filed objections (ECF No. 50).

- 1 -

I.    Background

MCA provides operational, executive, and managerial services to customers across a variety of industries. Fortech is a software developer. In March 2020, MCA engaged Fortech to develop software for MCA's Digitalization Commonization Interconnection (DCI Construction) Pipeline and Backlog product. The purpose of this product is to allow MCA's clients to track complete project lifecycle management at the corporate and enterprise level. MCA provided the concept of the pipeline/backlog module (Phase I), describing how the module would function and be used by the ultimate end-user. Fortech was responsible for generating Specifications and translating the Specifications to developers who create the source code that builds the software.

On August 13, 2021, MCA terminated the contract because Fortech purportedly failed to deliver the services promised within the agreed upon timeframe and budget. Fortech filed this lawsuit seeking to recover funds owed on outstanding invoices, to stop MCA from using the software product that Fortech provided, and to force MCA to disgorge the profits it generated through the unauthorized use of Fortech's work product. MCA counterclaimed, alleging it had to substantially rework Fortech's product at a significant cost. In response to interrogatories, MCA claimed it had to

"deconstruct, fix, and rewrite Fortech's code to the specifications outlined

by MCA" and that "[u]pon information and belief, none of Fortech's original

code is presently in use." (ECF No. 44-3, PageID.777).

The software development process requires the parties to work

together. A project is broken down into several phases whereby the parties

jointly develop and modify specifications so the source code for the

software can be written and revised. After each iteration of software is

tested, the parties discuss what works and what does not work and identify

features that need to be improved, added or deleted as to the then-current

set of specifications. They then develop updated specifications and identify

bugs that needed to be corrected during the next iteration. The process is

repeated until the parties reach a point where the product satisfies the

client's needs.

All the software used for this project was hosted on MCA's accounts,

servers or software project management tools. Fortech argues that to track

the history and progression of the project, and analyze its performance, it

needs access to all the programs used, in the same configuration as they

existed during the project. This is the only way Fortech can determine

whether at any given point in time the product complied with the current

iteration of the specification.

Two questions are relevant to Fortech's motion to compel: whether particular versions of the software complied with the Specifications then in place, and whether the code Fortech provided was completely replaced by MCA after the contract was terminated. Fortech asked that it be "given an opportunity to review the post-termination code to confirm that its work product is not being utilized and that the code being sold meets the Specifications (where MCA claims that Fortech's version did not). Only with full access to all the software, Specifications, and Code, both pre- and post-termination, will the Court and Fortech be able to assess this claim." ECF No. 44, PageID.753.

In granting Fortech's second motion to compel, the Magistrate Judge ordered that MCA "must provide Fortech with access to the code" (ECF No. 48, PageID.888). In coming to that conclusion, the Magistrate Judge agreed that Fortech should be granted access to the "software" because "Fortech has successfully shown the source code, both before and after contract termination, is relevant to Defendant's claim that it had to 'deconstruct, fix and rewrite [the] Code,' . . . and to determine the validity of the claim 'that the provided code failed to comply with the parties' agreed Specifications.' . . . " (ECF No. 48, PageID.885, citations omitted).

The Magistrate Judge also ordered that MCA must supplement its responses to interrogatories asking for the identification of customers and pay Fortech's expenses incurred in bringing its second motion to compel.

II.   Standard of Review

This Court's review of non-dispositive orders issued by a magistrate judge is governed by the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008). This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). *See also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

III.   Analysis

A. Breadth of Magistrate Judge's Order

MCA argues that the Magistrate Judge erroneously conflated

Fortech's request for access to pre-termination software and code with

access to post-termination code when he ordered that "Defendant must

provide access to the code within 14 days of this order." (ECF No. 48,

PageID.888). In addition, MCA argues that the Order does not clearly

explain what is meant by ordering MCA to provide "access" to the code.

MCA does not appear to object to the portion of the Order requiring

access to pre-termination project software and code. MCA's objection is

that the Order erroneously requires unlimited access to the code for the

program as it exists today. MCA asserts that providing unlimited access to

the post-termination code would allow Fortech to see the specific steps

MCA employed to get the pipeline and backlog module to where it is today,

but it would also give Fortech "the keys to a system that is now beyond the

scope of what Fortech promised to develop in Phase I." (ECF No. 50,

PageID.902).

The Court finds that the Magistrate Judge thoroughly analyzed the

issues in addressing the motion to compel. He recognized that MCA placed

the pre- and post-termination state of the software and code in issue

- 6 -

through its defense to Fortech's claims and its assertions in its counterclaim. He found that both the pre- and post-termination code is relevant to the claims made by MCA. (ECF No. 48, PageID.885). The Order states that Fortech should be granted complete access to the software as requested in discovery, which the Magistrate Judge found to be reasonable so that Fortech can respond to MCA's defenses and counterclaim. *Id*. at PageID.886. Fortech explained, and it is apparent that the Magistrate Judge agreed, that full access to the software, Specifications, and testing environment are necessary for Fortech to evaluate MCA's claim that the provided code failed to comply with the parties' agreed Specifications and to evaluate changes made to the Specifications and the code after termination. The Magistrate Judge's order that MCA provide Fortech with access to the code must be read in conjunction with what comes before.

The Court does not find that the Magistrate Judge abused his discretion in ordering that MCA provide access to the code, which entails access to the software, Specifications and testing environment as addressed in the Order. MCA's objections are overruled.

In response to Fortech's second motion to compel, MCA argued that the source code and the process MCA took to get the module to where it is

- 7 -

today is highly proprietary. MCA suggested alternatives to protect its work

product, including review by a third-party expert. The alternatives were

discussed and rejected by the Magistrate Judge. MCA has since filed a

motion for protective order (ECFR No. 58), which is pending before the

Magistrate Judge. This is the proper procedure to determine if further

protection is necessary.

    B. <u>Failure to Provide a Hearing</u>

    MCA maintains that the Magistrate Judge's misunderstanding of key

industry terms, which lead to his allegedly erroneous decision, could have

been avoided if he had held a hearing on the motion to compel. Motions to

compel discovery are subject to Local Rule 7.1, which provides that the

court may order submission and determination of a motion without a

hearing. L.R. 7.1(f)(2). It is within the discretion of the court whether to hear

oral argument on motions. *See Mink v. Comm'r of Soc. Sec.*, No. 20-4251,

2021 WL 5706800, at *2 (6th Cir. Sept. 23, 2021) (rejecting due process

challenge where hearing was not held). MCA's objection that the

Magistrate Judge erred in not holding a hearing is overruled.

    C. <u>Identification of Customers</u>

    The Order requires MCA to supplement its responses to Fortech's

interrogatories requesting the identities of any "customers or others who

reviewed, purchased, or utilized Fortech's code or any derivative thereof," and "'any client, end-user, investor or other person or entity' to whom the Fortech work product was provided." (ECF No. 48, PageID.888-889). The Magistrate Judge found that MCA admitted there were persons who accessed the code based on MCA's claim that it had to "deconstruct, fix, and rewrite Fortech's code" and provide "a demo to non-parties at various times throughout Fortech's work to get feedback." MCA has apparently provided a single person to whom it gave access to Fortech's work, but objects to disclosing the names of every individual who had access to any of its systems from post-termination to the present. In its objections, MCA asks this court to limit the Order to identification of individuals to whom MCA provided the demos of the pipeline and backlog module during the period in which Fortech performed work before the contract was terminated.

Fortech seeks to have MCA disgorge its profits for wrongfully using its code to create the end product. The Magistrate Judge found the post-termination period to be relevant in this regard based in part on MCA's own claims and defenses. In addition, the Magistrate Judge found that MCA admitted to deconstructing, fixing, and rewriting the code for its customers. The court finds that the Order requiring MCA to supplement its

interrogatory responses is not clearly erroneous.

MCA further argues that the Magistrate Judge disregarded its argument that Fortech failed to meet and confer regarding identification of customers prior to filing its second motion to compel. However, the Magistrate Judge reviewed the emails between Fortech and MCA which included an email from Fortech requesting "the identity of MCA's customer," Fortech's request to meet and confer, and a reference to a "meet and confer" that had already taken place. ECF No. 48, PageID.890-891. The Magistrate Judge concluded Fortech's communications satisfied the meet and confer requirement and this court agrees.

MCA's objections are overruled.

### D. Costs and Attorney Fees

The Federal Rules of Civil Procedure requires imposition of costs and fees when a motion to compel is granted unless the opposing party's nondisclosure, response, or objection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A). The Magistrate Judge determined that MCA did not establish that its failure to provide the requested information was substantially justified, and so ordered MCA to pay Fortech's costs and attorney fees incurred in bringing the motion to compel. He directed the parties to confer on reasonable costs, and if no agreement was reached,

Fortech was to file a bill of costs. Fortech avers that its counsel contacted

MCA's counsel to discuss the fees, providing a redacted copy of its

invoices on February 8, 2024. MCA purportedly did not respond. Fortech

filed two bills of costs on February 19, 2024, to which MCA objected.

The court finds no clear error in the award of fees and costs and

overrules MCA's objections. The Magistrate Judge will address Fortech's

bills of costs in a separate order.

Now, therefore,

IT IS HEREBY ORDERED that defendant's objections to the

Magistrate Judge's Order Granting Plaintiff's Second Motion to Compel

Discovery (ECF No. 50) are OVERRULED.

Dated:   March 28, 2024

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on March 28, 2024, by electronic and/or ordinary mail.

s/Lashawn Saulsberry
Deputy Clerk

---